# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSHUA S. FERRELL,

        Petitioner,     :    Case No. 2:22-cv-2505

   - vs -                          District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
   Center,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is brought *pro se* by Petitioner Joshua Ferrell to obtain relief from his conviction in the Franklin County Court of Common Pleas on charges of murder with the underlying crime being felonious assault and a firearm specification (Petition, ECF No. 1, PageID 1). The relevant pleadings are the Petition, the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 25). The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 26). Final decision of the case remains with District Judge Watson.

**Litigation History**

On May 15, 2018, the Franklin County grand jury indicted Ferrell on one count of murder in violation of Ohio Revised Code § 2903.02 and one count of felony murder under the same section.

1

Both counts carried a firearm specification (Indictment, State Court Record, ECF No. 6, Ex. 1). The charges related to the shooting death of Mario DiPenti on May 2, 2018.

At trial in October 2019, the jury found Ferrell guilty of felony murder as charged in Count Two and the accompanying firearm specification. The trial judge dismissed Count One on the State's motion after the jury failed to reach a verdict and sentenced Ferrell to the imprisonment term he is now serving on the charges of conviction. Ferrell appealed, but the Ohio Tenth District Court of Appeals affirmed the conviction. *State v. Ferrell*, 2020-Ohio-6879 (Ohio App. 10th Dist. Dec. 24, 2020)(copy at State Court Record, ECF No. 6, Ex. 11). The Tenth District denied reconsideration and Ferrell appealed to the Supreme Court of Ohio which declined to exercise appellate jurisdiction. *State v. Ferrell,* 163 Ohio St.3d 1454 (2021).

Ferrell filed his habeas corpus petition *pro se* on January 6, 2022[1], pleading the following grounds for relief:

> **Ground One**: Whether the self-defense jury instruction given in this case was erroneous and violated Petitioner's right to a fair trial.
>
> **Supporting Facts:** The self-defense jury instruction did not instruct the jury that the initial aggressor can use self-defense if he withdraws from the conflict in good faith, conveys his withdrawal (expressly or impliedly) to the other person, and the other person continues to use (or threatens to use) unlawful physical force.
>
> **Ground Two**: Whether the trial court's failure to give the inferior degree offense involuntary manslaughter instruction to the jury violated Petitioner's right to a fair trial.
>
> **Supporting Facts:** A trial court must give an instruction on a lesser included offense if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lessor offense, and it must view the evidence in light most favorable to the defendant under plain error.
>
> **Ground Three**: Whether the cumulative effect of the errors set forth in Mr. Ferrell's appeal violated his Federal and State Constitutional Due Process Rights to a fair trial.

---

[1] Respondent concedes the Petition was filed within the statute of limitations.

> **Supporting Facts:** The arguments Petitioner presented under his First and Second Grounds, when considered together, rendered his trial unfair and warrant reversal.
>
> **Ground Four**: Whether petitioner was deprived of his rights to a fair trial, the effective assistance of counsel, and due process of law.
>
> **Supporting Facts:** A. The failure of trial counsel to file proposed self-defense jury instructions resulted in deficient performance by trial counsel, which prejudiced Petitioner; B. The failure of trial counsel to request the lesser-included-offense involuntary manslaughter instruction resulted in deficient performance by trial counsel, which prejudiced petitioner; C. The cumulative errors by trial counsel's deficient performance caused prejudice to Petitioner.
>
> **Ground Five:** Sufficiency of the Evidence
>
> **Supporting Facts**: The evidence at trial was insufficient to support Petitioner's conviction of felony murder.
>
> **Ground Six**: Manifest Weight of the Evidence
>
> **Supporting Facts:** Petitioner's convictions were against the manifest weight of the evidence.

(Petition. ECF No. 1, PageID 6-12).

## Analysis

**Ground One:  The Self-Defense Jury Instruction Denied Ferrell a Fair Trial**

In his First Ground for Relief, Ferrell asserts that the jury instruction on self-defense denied him a fair trial because it did not instruct the jury that, under Ohio law, a combatant who is the initial aggressor can nevertheless rely on the defense of self-defense if he withdraws from the

conflict in good faith, conveys his withdrawal (expressly or impliedly) to the other person, and the other person continues to use (or threatens to use) unlawful physical force.

**Procedural Default**

Respondent asserts this Ground for Relief is procedurally defaulted by Ferrell's failure to present it properly to the Ohio courts. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first

4

> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

5

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: a party who claims error from omission of a particular jury instruction must first have requested the instruction and then contemporaneously objected to its omission from the instructions as given. Ohio R. Crim. P. 30(A).

The Tenth District Court of Appeals enforced this rule against Ferrell. Indeed, it found that the parties agreed

> that Ferrell did not request an instruction premised on the restoration of the right to use force after a good faith withdrawal for an initial aggressor. Thus, Ferrell has waived all but **plain error.** *Id.*, citing *Teitelbaum* at ¶ 99, citing *State v. Cook*, 65 Ohio St.3d 516, 527, 605 N.E.2d 70 (1992).

*State v. Ferrell, supra,* at ¶ 23.

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir.

2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Although the Tenth District reviewed the merits of this Ground for Relief, it did so employing a plain error standard. But review for plain error is enforcement of the procedural default, not a waiver of it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Ferrell argues the Tenth District's decision that his self-defense right was not revived is based on an unreasonable determination of the facts and thus not entitled to deference under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") under 28 U.S.C. § 2254(d)(2). He relies on a comment by the trial judge at sentencing that "[Ferrell] acted under strong provocation." (Reply, ECF No. 12, PageID 1245, citing Sentencing Transcript, State Court Record ECF No. 17, PageID: 1206.)

This argument is unpersuasive for two reasons. First of all the finding is irrelevant to Ferrell's revival of self-defense argument because it is not a finding that Ferrell ever withdrew from the affray. Indeed, the Tenth District found from the video evidence that there was never a disengagement. *Ferrell, supra*, at ¶ 29. Secondly, the trial judge's finding was not made in relation to the propriety of the jury instructions, but rather one of a series of findings required of state trial judges in imposing felony sentences. The finding is not material because the imposed sentence was the mandatory minimum sentence for the crime of conviction.

In sum, Ferrell's First Ground for Relief is barred by procedural default and is in any event without merit because the evidence did not warrant the instruction. Ferrell presents no Supreme

Court authority holding that instruction such as the one given violates a defendant's due process rights or deprives him of a fair trial.

**Ground Two:  Failure to Instruct on Lesser Included Offense**

In his Second Ground for Relief Ferrell claims he was denied a fair trial by the trial judge's failure to instruct on the lesser included offense of involuntary manslaughter.

This Ground for Relief fails to state a claim upon which habeas corpus relief can be granted. There is no constitutional requirement to give a lesser included offense instruction in a non-capital case.  *McMullan v. Booker*, 761 F.3d 662 (6th Cir. 2014); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990).

This Ground for Relief is also procedurally defaulted on the same basis as the First Ground: Ferrell's counsel did not request an involuntary manslaughter instruction, so appellate review was for plain error only.  *Ferrell, supra,* at ¶ 32.  As noted above with respect to Ground One, plain error review is an enforcement of procedural default and not a waiver.

Respondent points to a second procedural default, failure to carry this Ground for Relief forward to the Supreme Court of Ohio.  Ferrell seeks to excuse this default by claiming it was the result of ineffective assistance of appellate counsel (Reply, ECF No. 25, PageID 1236).  It is correct that unconstitutional ineffective assistance of appellate counsel can excuse a failure to present a claim.  *Murray v. Carrier,* 477 U.S. 478 (1986).   However, the constitutional right to effective assistance of counsel only applies to the first appeal of right.  The right to appointed counsel extends to the first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).  Ineffective assistance of counsel can excuse

procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). Counsel's failure to include this claim in the appeal to the Supreme Court of Ohio means that the claim is procedurally defaulted. It does not matter that counsel was retained rather than appointed.

**Ground Three: Cumulative Effect of Errors Claimed in Grounds One and Two**

In his Third Ground for Relief, Ferrell asserts that the cumulative effect of the errors complained of in Grounds One and Two deprived him of a fair trial. Respondent asserts this claim is not cognizable in habeas corpus and Ferrell concedes that is true (Reply, ECF No. 25, PageID 1235). Ground Three should be dismissed on the grounds it does not state a cognizable habeas corpus claim.

**Ground Four: Ineffective Assistance of Trial Counsel: Failure to Request Proper Self-Defense and Lesser Included Instructions**

In his Fourth Ground for Relief, Ferrell claims he received ineffective assistance of trial counsel when his trial attorney did not request what he believes would have been the proper self-defense instruction and a lesser included involuntary manslaughter instruction.

This Ground for Relief is procedurally defaulted on the same basis as Ground Two, failure to fairly present it to the Supreme Court of Ohio on direct appeal.

9

**Ground Five:  Insufficient Evidence**

In his Fifth Ground for relief, Ferrell claims there was insufficient evidence to convict him of felony murder and the firearm specification.  This Ground for Relief is procedurally defaulted on the same basis as Ground Two, failure to fairly present it to the Supreme Court of Ohio on direct appeal.

**Ground Six:  Conviction Against the Manifest Weight of the Evidence**

In his Sixth Ground for Relief, Ferrell contends his conviction was against the manifest weight of the evidence.  Respondent asserts this claim is not cognizable in habeas corpus and Ferrell concedes that is true (Reply, ECF No. 25, PageID 1235).  Ground Six should be dismissed on the grounds it does not state a cognizable habeas corpus claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should

not be permitted to proceed *in forma pauperis*.

October 24, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge