UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joshua S. Ferrell,

    Petitioner,

v.

Warden,

    Respondent.

Case No. 2:22-cv-2505

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Joshua S. Ferrell ("Petitioner") objects to aspects of the Report and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case. Obj., ECF No. 30. For the following reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the R&R.

### I.    BACKGROUND

In May 2018, Petitioner started a physical fight with another man and, during the fight, shot the other man in the chest, killing him. *State v. Ferrell*, 165 N.E.3d 743, 748 (Ohio Ct. App., December 24, 2020). Petitioner was charged with one count of murder and one count of felony murder, with an underlying offense of felonious assault; both charges had firearm specifications. *Id*. After pleading not guilty to both charges, Petitioner proceeded to trial. *Id*. Following deliberations, the jury found Petitioner guilty of felony murder, with the underlying offense of felonious assault, but could not reach a verdict on the murder charge. *Id*. at 751. The state trial court declared a mistrial on the murder charge. *Id*.

Petitioner appealed to the state appellate court, which affirmed Petitioner's conviction. *See generally*, *id*. Later, Petitioner moved for reconsideration, which the appellate court denied. Record, ECF No. 6, at PAGEID # 340–43. Petitioner appealed to the Supreme Court of Ohio, but that court declined to exercise jurisdiction over the appeal. *State v. Ferrell*, 169 N.E.3d 679 (Table) (Ohio, 2021).

Petitioner now seeks habeas relief. Pet., ECF No. 1. In his Petition, Petitioner raises the following grounds for relief: (1) the trial court's self-defense jury instruction was erroneous and violated Petitioner's right to a fair trial ("Ground One"); (2) the state trial court's failure to give a jury instruction on the lesser included offense of involuntary manslaughter violated Petitioner's right to a fair trial ("Ground Two"); (3) the cumulative error of Grounds One and Two violated Petitioner's right to a fair trial ("Ground Three"); (4) ineffective assistance of counsel ("Ground Four"); (5) insufficient evidence supported Petitioner's conviction ("Ground Five"); and (6) Petitioner's conviction was against the manifest weight of the evidence. *Id*.

## II. REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 27. The R&R recommends dismissing Grounds One and Two as procedurally defaulted or, alternatively, as without merit; dismissing Grounds Three and Six as attempting to state claims

that are not cognizable on a habeas review; and dismissing Grounds Four and Five as procedurally defaulted. *Id.* Petitioner timely objected to various portions of the R&R. ECF No. 30.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

### IV. ANALYSIS

To begin, Petitioner does not object to the portions of the R&R addressing Grounds Three, Four, Five, and Six. Obj., ECF No. 30. Thus, the Court **ADOPTS** that portion of the R&R and **DISMISSES** Grounds Three, Four, Five, and Six. *See Cole v. Warden of Seneca Cnty. Jail*, No. 3:17-CV-155, 2017 WL 4182299, at *1 (N.D. Ohio Sept. 21, 2017) ("The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection." (citing 28 U.S.C. § 636(b)(1))).

In Grounds One and Two, Petitioner challenges the state trial court's jury instructions. In Ground One, Petitioner argues that the trial court's self-defense instruction was incomplete because it did not include an instruction that an initial aggressor may act in self-defense if he withdraws from the conflict he started. Pet. 5, ECF No. 1. In Ground Two, Petitioner argues that the trial court erred in not giving an instruction on the lesser included offense of involuntary manslaughter. *Id.* at 7.

Petitioner objects to the R&R's conclusion that Grounds One and Two fail as procedurally defaulted or alternatively on the merits. Obj., ECF No. 30. Because both Grounds clearly fail on the merits, the Court does not discuss whether they are also procedurally defaulted.

Under the Antiterrorism and Effective Death Penalty Act, a federal court may not grant a petition for a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner repeatedly uses the phrase "unreasonable determination of the facts" throughout his filings, seeming to argue that the state court unreasonably declined to give certain jury instructions because of an incorrect understanding of the facts. *E.g.*, Obj. 1, ECF No. 30. But Petitioner is not truly arguing that the state court unreasonably determined the facts. Rather, Petitioner argues that the state court unreasonably applied the legal rules about jury instructions to those facts. *See McMullan v. Booker*, 761 F.3d 662, 670 (6th Cir. 2014) ("[A] trial court's decision about whether to provide a jury instruction is not the kind of fact-based determination subject to scrutiny under § 2254(d)(2).").

Accordingly, the Court considers whether the challenged jury instructions were contrary to, or an unreasonable application of, clearly established federal law.[1]

Generally, in non-capital cases, errors in state-law-based jury instructions "may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993). Rather, a habeas petitioner must show that the state trial court "not only misread state law," but also that the trial court "misread it so badly that it violated the Sixth and Fourteenth Amendments." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020). In making that showing, the petitioner must demonstrate the challenged instruction violated "clearly established United States Supreme Court decisions" by pointing to "concrete" holdings, not "generalized principles." *Id.* (citations omitted).

Petitioner fails to make this showing for either Ground One or Two. First, consider Ground One. The Supreme Court has never "squarely established a federal right to a self-defense instruction." *Keahey*, 978 F.3d at 478 (cleaned up). Neither is a failure to give any sort of self-defense instruction the type of instructional error that "so infect[s] the entire trial that the resulting conviction violates due process." *Id.* (quotation marks and citation omitted). In light of this precedent, the trial court's "failure" to give the self-defense instruction Petitioner wanted was not contrary to or an unreasonable application of clearly established

---

[1] To whatever extent Petition does mount a Section 2254(d)(2) challenge, it fails. Petitioner offers only that he "might" contest the video evidence in his case, see Obj. 1, ECF No. 30, but offers no specifics about which facts he "might" contest.

federal law. *Id.* at 478–81 (concluding that the state trial court's decision to not give a self-defense instruction at all was neither contrary to nor an unreasonable application of clearly established federal law). Accordingly, Ground One fails.

Next, consider the trial court's decision to not give an instruction on the lesser included offense of involuntary manslaughter. Petitioner's arguments as to this "failure" fall short. Although *capital* defendants have a federal right to a lesser included offense instruction, see *Beck v. Alabama*, 447 U.S. 625 (1980), that right does not extend to *non-capital* defendants, see *McMullan*, 761 F.3d at 666–72 (explaining that the Supreme Court "has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case" and that the Sixth Amendment "does not prohibit judges from declining jury instructions on lesser included offenses in non-capital cases" (citations omitted)). Thus, the trial court's decision to not give a lesser included offense instruction was not contrary to or an unreasonable application of a clearly established right. As a result, Ground Two must be dismissed.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

## VI. CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. The R&R is **ADOPTED**. The Clerk is **DIRECTED** to enter judgment for Respondent and close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**